**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.  : | CRIMINAL NO.  07-239 (PLF) (DAR) |
| PATRICE L. LIGGON, : | Next Date:     January 16, 2008 |
| Defendant. : | |

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced, at the mid-point of the applicable Sentencing Guidelines range, to 3 months imprisonment, with an order of restitution in the amount of the loss in this case. In support thereof, the United States respectfully states the following:

### Background

1.  The defendant's actions pertaining to this plea agreement are set forth in the proffer of evidence signed and accepted by the defendant on September 14, 2007.

2.  In summary, in or about January of 2007, defendant was hired as a teller to work at SunTrust Bank at its branch in the District of Columbia, located at 2240 M Street, N.W.  As part of the defendant's duties, she was responsible for maintaining a cash drawer from which she would cash checks, make deposits and engage in other similar transactions with individual and corporate customers of the bank.  At the end of her shift, the defendant was required to detail the amount of money that remained in her cash drawer in an electronic journal.

3.  On or about June 20, 2007, the branch manager conducted an unannounced audit of defendant's assigned cash drawer.  At the time of the audit, members of SunTrust determined

that the defendant had removed $18,749.00 in cash from her drawer, without the knowledge or permission of SunTrust. On June 19, 2007, the defendant indicated in her electronic journal that she had $19,813.00 in her cash drawer, but on June 20, 2007, the audit of her cash drawer indicated that she only had $1,064.00.

4.	On or about June 20, 2007, the defendant was interviewed by her supervisors at SunTrust. At that time, the defendant acknowledged and admitted that, while she was employed as a teller at the bank, she embezzled and otherwise stole several thousands of dollars from her cash drawer since April of 2007. To conceal the amounts which she stole, the defendant falsely recorded in her electronic journal that she had amounts in her cash drawer which she did not have.

### Statutory Penalties

5.	Pursuant to Title 18, United States Code, Section 656, the defendant faces a maximum sentence of 1 year of imprisonment. See PSR ¶ 15.

### Sentencing Guidelines

6.	The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's base offense level at 6. See PSR ¶ 15. The PSR includes a 4-point Specific Offense Characteristic increase because the amount of loss was more than $10,000 but less than $30,000. See PSR ¶ 16. The PSR also correctly affords the defendant a two-point reduction in her guidelines calculation for acceptance of responsibility, which diminishes her total offense level to 8. See PSR ¶ 20.[1] The PSR calculates the defendant's criminal history

---

[1] This total offense level is one level lower than the stipulated offense level in the plea agreement of 9. As noted in the PSR note 3, in calculating the total offense level, the parties incorrectly agreed to a base offense level of 7, under USSG sec. 2B1.1(a)(1). However, the actual base offense level should be 6, under USSG sec. 2B1.1(a)(2) because the offense of

score as 0, and the criminal history category as I. See PSR ¶ 24. The total offense level therefore is 8, and the Guidelines range for the defendant is 0 to 6 months of imprisonment. See PSR ¶ 65.

## Sentencing Recommendation

7. The government recommends that the Court sentence defendant at the mid-point of the Guidelines range to 3 months of incarceration, with an order of restitution in the amount of the loss in this case in accordance with Title 18, United States Code, Section 3663A.

8. When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, ____ U.S. ____, 2007 WL 4292116, at *7 (December 10, 2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

9. This sentence is at the mid-point of the Guidelines range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in

---

conviction is a misdemeanor and carries a statutory maximum penalty of one year confinement.

Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See United States v. Gall, ____ U.S. ____, 2007 WL 4292116, at *7 (December 10, 2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, ___ U.S. ___, 127 S.Ct. 2456 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

     10.    The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair

and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall.  See Gall, at * 7.

11. In this case, the defendant stole a considerable amount of money belonging to her employer, SunTrust Bank, in a scheme which took place over several weeks.  It is important that the Court send a message to both the defendant and the community that embezzlement will not be tolerated.  Although it does not appear that an individual account holder suffered a personal loss during the defendant's scheme, this does not provide a license to the defendant or anyone else to steal money from banks and should not be used as a basis for leniency in the sentence of the defendant.

## Conclusion

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully recommends a sentence, at the mid-point of the Guidelines range, of 3 months of incarceration, with an order of restitution in the amount of the loss in this case.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:  _____/s/_____
OPHER SHWEIKI
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 458776
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 514-8822
Opher.Shweiki@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, David W. Bos, Esq., Assistant Federal Public Defender, Federal Public Defender for the District of Columbia, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, through the electronic court filing system, this 11th Day of January 2008.

/s/

OPHER SHWEIKI